UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERIKA SNEED, | ) | |
| | ) | JURY DEMAND |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: |
| | ) | |
| JONATHAN'S GRILLE – | ) | |
| PROVIDENCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff, Terika Sneed ("Sneed"), brings this Complaint against Defendant, Jonathan's Grille – Providence, LLC, ("Defendant"), for its discriminatory actions toward her based on her race, African-American, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and for retaliating against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**II. Parties**

2. Sneed is an African-American female who has resided within the State of Tennessee at all relevant times hereto and is a United States Citizen.

3. Defendant is a for-profit corporation that is located within and conducted business within the geographic boundaries of the Middle District of Tennessee at all times relevant to this action.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Sneed, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Sneed satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 494-2014-01243. Sneed received her Notice of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Middle District of Tennessee, thus venue in this court is proper.

### IV. Factual Allegations

9. Sneed, an African-American, was hired by the Defendant on or about August, 2001 and was promoted to General Manger in or about December 2013.

10. At all times relevant, Sneed met Defendant's legitimate performance expectations.

11. From 2001 through 2008, Sneed was the only African-American employed by the Defendant. Moreover, Sneed was the first African-American assistant manager and first African-American general manager employed by the Defendant.

12. On or about April 19, 2014, Sneed was on her personal time at a restaurant directly behind the Defendant's location. An African-American employee of the Defendant, Makina McKissack ("McKissack"), came to the restaurant to meet with Sneed. Sneed's first question to her was - did she have permission to come over from the manager on duty, Erin

Torrence ("Torrence"). McKissack confirmed she had prior permission to speak with Sneed from Torrence.

13. On or about April 23, 2014, the Defendant's owners Mason Revelette ("Mason") and Kurt Revelette ("Kurt") questioned Sneed about the incident. Sneed told Mason that Mckissack was not clocked in on the day in question. In fact, Sneed looked in Defendant's employee time system and confirmed that McKissack was not clocked-in

14. Sneed also confirmed to Mason and Kurt that she did not witness McKissack drinking.

15. Sneed believed that McKissack was being discriminated against because of her race and Sneed did not want to participate in the discriminatory action. On or about May 1, 2014, Mason directed Sneed to write a letter about why she decided to fire McKissack. Sneed did not make the decision to terminate McKissack, Mason and Kurt had made that decision over Sneed's objection. Sneed voiced her disagreement with the decision because several Caucasian employees had walked off the job on several occasions and have not been terminated and/or were hired back by the Defendant. For example - Hannah Collins; Alexis Emilia; Erin Eastering; Shelby Bessling; and, Brandyn Snyder.

16. On or about May 2, 2014, Sneed was terminated from her employment with the Defendant.

17. Sneed was terminated in retaliation for opposing a discriminatory employment practice and/or terminated based on her race, as other Caucasian general managers who disagree with Defendant's owners' employment decisions are not terminated.

## V. Causes of Action

### Count I. Section 1981 Race Discrimination Claim

18. Sneed hereby incorporates by reference paragraphs one (1) through seventeen (17) of her Complaint.

19. Sneed was terminated from her employment on the basis of her race, African-American and denied the same terms and conditions of employment as those afforded to similarly-situated non-African-American employees.

20. Defendant's actions were in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

21. Defendant's actions were willful, intentional, and done with reckless disregard of Sneed's civil rights.

22. Sneed has suffered injury as a result of Defendant's unlawful actions.

### Count II. Title VII Race Discrimination Claim

23. Sneed hereby incorporates by reference paragraphs one (1) through twenty-two (22) of her Complaint.

24. Sneed was terminated from her employment on the basis of her race, African-American and denied the same terms and conditions of employment as those afforded to similarly-situated non-African-American employees.

25. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

26. Defendant's actions were willful, intentional, and done with reckless disregard for Sneed's civil rights.

27. Sneed has suffered injury as a result of Defendant's unlawful actions.

### Count III. Title VII – Retaliation Claim

28. Sneed hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Sneed was terminated in retaliation for opposing a discriminatory practice/decision by the Defendant.

30. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

31. Defendant's actions were willful, intentional, and done with reckless disregard for Sneed's civil rights.

32. Sneed has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Terika Sneed, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant such other relief as may be just and proper and available under the governing statutes.

Respectfully submitted,

s/Kyle F. Biesecker
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Terika Sneed, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                              Respectfully submitted,

                              _s/Kyle F. Biesecker_____
                              Kyle F. Biesecker, Attorney No. 28872
                              BIESECKER DUTKANYCH & MACER, LLC
                              3200 West End Avenue, Suite 500
                              Nashville, Tennessee 37203
                              Telephone:    (615) 783-2171
                              Facsimile:    (812) 424-1005
                              E-Mail:        kfb@bdlegal.com

                              Attorneys for Plaintiff